NO. 07-04-0013-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 24, 2005

_____

CARLOS FERRER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403301; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**

Carlos Ferrer appeals his conviction for aggravated sexual assault.  The clerk's record was filed on February 23, 2004, and the reporter's record was filed on May 20, 2004.  This matter was abated on August 19, 2004 for determination of indigency and appointment of counsel.  The case was reinstated on August 25, 2004.  Appellant's brief was due on September 24, 2004.  On October 21, 2004, this court notified appointed

counsel for appellant that neither the brief nor an extension of time to file appellant's brief had been filed. Counsel for appellant was also admonished that if appellant's brief was not filed by November 1, 2004, the appeal would be abated to the trial court. On that date, counsel for appellant filed a motion for extension of time, which was granted, making the brief due November 29, 2004. A second motion for extension was filed by appellant's counsel on December 3, 2004, and extension was granted until January 3, 2005. When appellant's brief was not filed by January 25, this court sent appellant a second letter notifying him that appellant's brief had not been filed and stating the appeal would be abated if a brief was not filed by February 4, 2005. On January 31, counsel requested a third extension of time, through February 27. Counsel's earlier requests for extension were based on delay in receiving the appellate record from previous counsel. The third request cited counsel's workload. The third request was granted only to the extent the brief's due date was extended to February 14, 2005. The Court also again admonished counsel that if the deadline was not complied with the appeal would be abated and the cause remanded to the trial court in accord with Texas Rule of Appellate Procedure 38.8(b)(2). That date is well past, and appellant has neither filed a brief nor submitted a further motion for extension.

Consequently, we abate the appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal;

2.  whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that indigent defendant is entitled to the effective assistance of counsel on the first appeal as a matter of right and that counsel must be available to assist in preparing and submitting an appellate brief).

Tex. R. App. P. 38.8(b)(2).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, fax number and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a supplemental clerk's record containing the findings of fact and conclusions of law and (2) a supplemental reporter's record transcribing the evidence and argument presented at the hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the supplemental clerk's record and the supplemental reporter's record to be filed with the clerk of this court on or before March 25, 2005. Should additional time be needed to perform these tasks, the trial court may request additional time before March 25, 2005.

Per Curiam

Do not publish.